# DOE *v.* HYDE, Assignee.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

Submitted March 31, 1885.—Decided April 13, 1885.

D, a creditor of a bankrupt, holding two securities therefor, after being cited in a proceeding commenced against him by the assignee in bankruptcy, by petition, to obtain the delivery of the two securities, as being unlawfully in his possession, delivered up one of them to the assignee, in July, 1871. In November, 1872, the assignee sued D to recover the other security, and in 1877 it was decided in that suit that D was entitled to hold it. There being a deficiency on the debt, and the assignee having collected the security delivered to him, D, in 1879, sued the assignee to have its proceeds applied

on the debt: *Held*, That the right of action accrued to D in July, 1871, and was barred by the two years' limitation prescribed in § 2 of the Bankruptcy Act of March 2, 1867, 14 Stat. 518, and § 5057 Rev. Stat.

The facts are stated in the opinion of the court.

*Mr. W. W. Cope* for appellant.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an appeal by Bartlett Doe, the plaintiff in a suit in equity brought in the District Court of the United States for the District of California, from a decree of the Circuit Court for that district, affirming the decree of the District Court, dismissing the bill, on demurrer. The defendant is Henry C. Hyde, assignee in bankruptcy of the City Bank of Savings, Loan and Discount, a California corporation, which was adjudicated a bankrupt by the District Court in December, 1870. The case made by the bill is this: In December, 1869, Doe lent to the bank $10,000, on its promissory note, at two years, secured by the assignment of six promissory notes and six accompanying mortgages of real estate, made by other parties, amounting to $20,550. By an instrument executed by the parties at the time, it was agreed that the bank should be at liberty to substitute other securities of equal value with any of the assigned notes and mortgages, in their place, at any time before the maturing of the $10,000 note. In April, 1870, four of the six collateral notes and mortgages, amounting to $10,550, were, by consent, given up, and three other promissory notes and three like mortgages, made by other parties, amounting to $3,900, were substituted. In February, 1871, the assignee in bankruptcy presented to the District Court a petition, alleging that Doe had unlawfully possessed himself of the five notes and five mortgages which he then held, amounting to $13,900, and praying that he be cited to show cause why he should not be ordered to deliver them up to the assignee. After Doe had been so cited, the assignee demanded from him the delivery of the three notes and the three mortgages so substituted in April, 1870, and Doe, "believing him to be entitled to the custody thereof, delivered the same to him." Before the assignee col-

lected any moneys on them Doe appeared to the petition, and
in July, 1871, filed an answer, setting forth the indebtedness of
the bank to him, and how it was secured, and the facts attend-
ing the substitution of securities, before mentioned, and aver-
ring that he was entitled to the possession of those which he
had so delivered to the assignee, and to the moneys collected
or which might be collected on them. In November, 1872,
the assignee filed a bill in equity, in the District Court, against
Doe, to obtain a decree for the delivery up of the two remain-
ing notes and mortgages, amounting to $10,000, on the ground
that the bank had no right to transfer them to Doe. Doe an-
swered the bill, setting forth the transactions between the bank
and himself respecting the loan and the securities transferred
for securing it, and particularly the facts attending such sub-
stitution of securities; and averring that the assignee had col-
lected the money due on the securities so delivered to him, and
that he, Doe, was entitled to have them applied on the debt of
the bank to him. In 1876, an interlocutory decree was made,
in that suit, to the effect that the assignee was entitled only to
the surplus which should remain after applying the two notes
and the two mortgages to the payment of the $10,000 note, of
December, 1869, and that an accounting should be had as to
the amounts severally due on that note, and on those securi-
ties. The accounting was had, and on January 29, 1877, the
District Court decreed that on January 1, 1877, there was a
balance due to Doe of $7,096.82, after applying the securities
retained by him. The assignee appealed to the Circuit Court,
but the appeal was dismissed, for want of prosecution, before
July 2, 1877. The amount of the deficiency remains due to Doe.
The assignee collected the three notes and three mortgages
which Doe delivered to him, collecting on one, June 19, 1872,
$1,301.07; on another, May 19, 1875, $500; and on the third,
June 19, 1872, $293.80, the assignee giving the debtor an ac-
quittance of the remainder. After the decree was rendered in
the equity suit begun in November, 1872, and after the appeal
therefrom was dismissed, and after Doe had ascertained it
would be necessary to resort to the three notes and three
mortgages he had delivered to the assignee, for the payment

of the amount due to him from the bank, he demanded from the assignee the delivery of those securities, or the payment of the moneys thereby secured, which the assignee refused.

The bill in the present suit was filed February 25, 1879. Its prayer is for a decree that, Doe is the beneficial owner of the securities which he delivered to the assignee, and of the moneys represented by them, and is entitled to have them applied on the indebtedness of the bank to him, and that the assignee pay over the proceeds, with interest, to Doe. The demurrer sets forth various causes of demurrer, and, among them, that eight years had elapsed, before the bill was filed, after Doe delivered to the assignee the securities in question, and that any right of action to recover them or their proceeds was barred by § 2 of the Bankruptcy Act of March 2, 1867, 14 Stat. 518, and by § 5057 Rev. Stat. The limitation referred to is, that no suit at law or in equity shall in any case be maintainable by or against an assignee in bankruptcy, or by or against any person claiming an adverse interest touching any property, or rights of property, of the bankrupt, transferable to or vested in the assignee, in any court whatsoever, unless the same be brought within two years from the time the cause of action accrued, for or against the assignee.

The contention of the appellant is, that the necessity for resorting to the securities which were delivered to the assignee was not determined until the decree of the District Court, ascertaining the amount of the deficiency, became final by the dismissal of the appeal to the Circuit Court; and that the cause of action did not accrue until that time, which was within two years before the filing of this bill. It does not distinctly appear when the appeal was taken, or when it was dismissed, except that those events occurred between January 29, 1877, and July 2, 1877. But this is unimportant, because it is quite clear, on the averments of the bill, that this suit was barred.

In the proceeding instituted in the District Court, by the assignee, in February, 1871, the petition alleged that Doe had unlawfully possessed himself of all of the collateral notes and mortgages, five of each, which he then held, and prayed for an order that he deliver all of them up to the assignee. The bill

in this suit avers that after Doe had been cited to appear to the petition, the assignee applied to him for, and demanded the delivery to him, as assignee, of, the three notes and three mortgages in question, and that Doe, " believing him to be entitled to the custody thereof, delivered the same to him." As the bill alleges that the answer of Doe to the petition was filed before the assignee collected any of the moneys on those securities, it must be inferred that that answer was filed after the securities were delivered by Doe. Nothing further is alleged to have been done on the petition. The three notes and the three mortgages selected from the whole number, though the petition covered all, having been delivered to the assignee, he allowed the matter to rest from July, 1871, till November, 1872, when he brought the equity suit in respect only of the two notes and two mortgages which had not been delivered to him. The averment of the bill in this suit is, that, on a demand by the assignee on Doe for the delivery to him of the three notes and three mortgages, Doe delivered them to him. It is not averred that the delivery was accompanied by any expressed qualification or condition, or any agreement or arrangement or reservation made between the parties. The delivery followed the claim which the assignee had made in the petition, that the securities were unlawfully in the possession of Doe, and was made after Doe had been cited to appear to the petition. The statement in the bill that Doe, believing the assignee to be entitled to the custody of the securities, delivered them to him, is only the statement of what Doe now remembers as to the uncommunicated motives which operated on him to deliver the securities. The assignee obtained the securities directly from Doe, under an assertion of title, and, if Doe desired to make available the claim set up in regard to them, in July, 1871, in his answer to the petition, it became then his duty to procure a judicial decision of the matter, the assignee having accomplished the object of his proceeding. But the litigation dropped, and was not renewed, respecting those securities. The allegation of Doe, in his answer to the bill filed by the assignee in November, 1872, in regard to the securities retained by Doe, that Doe was entitled to have the assignee apply on

the debt to Doe the securities which Doe had delivered to the assignee, amounted to nothing, because such a claim could not be litigated in that suit. It was not a set-off or counter-claim to any relief sought by the assignee in that suit. The cause of action in regard to the securities delivered to the assignee by Doe accrued to Doe at the time of such delivery. It did not depend upon or arise from the existence or ascertainment of any deficiency of the other securities to meet the debt. If Doe was entitled at all to have the securities which were delivered to the assignee applied to his debt, he was, on the showing of the bill, as much entitled to have them so applied as to have the other securities so applied, and as much entitled to their possession for that purpose as to the possession of the other securities. His right of action to that effect accrued, therefore, when the assignee came into the possession of the securities, on their delivery to him by Doe.

*Decree affirmed.*